THOMAS ELLIOTT, d. b. a. v. HUSTON, DARBEE AND COMPANY, a corporation of the State of Delaware, p. b. r.

1. JUSTICES OF THE PEACE—MOTION TO AMEND CERTIFICATE OF TRANSCRIPT COMES TOO LATE AFTER FIRST FRIDAY OF TERM.

A motion to allow an amendment of a justice's certificate to a transcript filed on appeal under *Rev. Code* 1915, § 4036, comes too late when made on the first day of court after the first Friday of the term, on or before which last day, under rule of court, applications for amendments shall be made.

2. JUSTICES OF THE PEACE—CERTIFIED COPY OF JUDGMENT DOES NOT MEET STATUTORY REQUIREMENT.

The certified transcript upon appeal from the justice's court required by *Rev. Code* 1915, § 4036, must be of all the docket entries in the case, and a certificate "that the above is a true copy of the judgment as entered" does not meet the requirements of the statute.

(*February* 14, 1921)

PENNEWILL, C. J., and CONRAD, J., sitting.

*Robert G. Houston* for appellant.

*Albert Worth* for respondent.

Superior Court for Sussex County, February Term, 1921.

APPEAL No. 37, February Term, 1921.

Action before a justice of the peace by Huston, Darbee and Company against Thomas Elliott, in assumpsit for goods sold and delivered. Judgment for plaintiff. Defendant appeals, and plaintiff moves to strike off the appeal. Motion allowed, and appeal dismissed.

In appeals allowed from a justice of the peace, the statute provides:

"It shall be the duty of the appellant to have the appeal entered in the Superior Court of the county where the judgment was given, on or before the first day of the term next after the appeal; and for this purpose, to deliver a duty certified transcript of all the docket entries in the case to the prothonotary, who shall file the same," etc. *Rev. Code* 1915 § 4036.

The certificate annexed to the transcript filed in this case was:

"I * * * do certify that the above is a true copy of a judgment as entered on *Docket page No. 47, judgment No. 91. Huston, Darbee Company* a Corporation of the State of Delaware *versus Thomas Elliott.* Witness my hand and seal this 7th day of January A. D. 1921." (Signed by the justice under seal).

The motion to dismiss the appeal was based on the insufficiency of the certificate, in that it did not appear that a duly certified transcript of all the docket entries in the case had been filed with the prothonotary, as required by the statute. *Barker v. David,* 4 *Pennewill,* 395, 55 *Atl.* 334. The motion was made on the first day of court after the first Friday of the term, on or before which last day, under the rule of court, applications for amendments of certificates shall be made.

Motion to allow an amendment of the certificate was made, but it was opposed.

CONRAD, J. [1, 2] The motion to allow an amendment of the certificate comes too late after the first Friday of the term. The certificate annexed to the transcript filed does not meet the requirements of the statute.

The appeal is dismissed.

NOTE: No point was made of the fact that the plaintiff below was misnamed in the Justice's certificate, as "Huston Darbee Company" instead of "Huston Darbee and Company."